Isaac H. Clark *vs.* John T. Scammon and another.

*Deed.*

If in a deed the land thereby conveyed is described as the lot set off and run off by a particular person for a designated purpose, the grantees are confined to the bounds established by such survey, even although the lot thus restricted, be found to contain a much fewer number of acres than that mentioned in the conveyance.

On REPORT.

TRESPASS *quare clausum* for breaking and entering a close in Franklin, in the possession of the plaintiff and cutting trees thereon. The defendants claimed the right to cut where they did under a deed, expressed in the language quoted in the opinion, which purported to convey three hundred and twenty acres of land, but referred to the running out of the lot by John Black, according to whose plan it contained but two hundred and eighty-

five acres. The court ruled that the defendants were restricted to the lines of Black's survey, whereupon they consented to a default, to be taken off if this ruling was erroneous.

*Hale & Emery*, for the plaintiff.

*A. Wiswell*, for the defendants.

APPLETON, C. J. This is an action of trespass *quare clausum.* The defendants justify their right to enter and cut timber under a deed from William Freeman to Tyler Scammon *& al.* dated Sept. 2, 1867, which conveys to the grantees therein named "a certain tract or parcel of land situated in said Franklin, containing three hundred and twenty acres, more or less, being a lot reserved by the State of Massachusetts for future disposition, and sold and conveyed by said State to William Emerson, Abner Coburn and Isaac Farrar, and by said Emerson, Coburn & Farrar to me (said Freeman), reference being had to the deeds thereof given by Geo. W. Coffin, land agent of said State, to said Emerson, Coburn and Farrar, and the deed of said Emerson, Coburn and Farrar to said Freeman. *It being also the same lot of land, set off and run off by John Black, Esq., agent of the Bingham Proprietors and Heirs for and as the public lot reserved by Massachusetts as aforesaid.*"

The grantees can hold no more land than is conveyed to them. The two descriptions in the deed refer to the same identical lot of land. No evidence has been offered to show any variance between the two descriptions; one referring to the title acquired by the grantor, and the other to the survey of Black. The defendants show no title to any land outside of Black's survey, nor is there any reason apparent upon the papers before us why they should claim more. *Default to stand.*

CUTTING, WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.